*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THE PROFESSIONAL PERSONNEL OF VAN
DYKE,

        Respondent-Appellee,

v

VAN DYKE PUBLIC SCHOOLS,

        Charging Party-Appellant.

UNPUBLISHED
September 15, 2022

No. 359115
Michigan Employment Relations
Commission
LC No. 20-C-0554-CU

Before: GLEICHER, C.J., and GADOLA and YATES, JJ.

PER CURIAM.

The Public Employee Relations Act (PERA), MCL 423.201 *et seq.*, requires public employers and their employees to collectively bargain in good faith. Certain disputes are off the table for bargaining, however, and remain subject to the employer's discretion. Van Dyke Public Schools accused the union representing its teachers of attempting to force collective bargaining on a prohibited subject. The Michigan Employment Relations Commission (MERC) disagreed and dismissed the district's unfair labor practice charge against the union. We discern no error and affirm.

## I. BACKGROUND

Because of a decline in enrollment, Van Dyke Public Schools was no longer able to schedule elementary enrichment teachers—who teach subjects such as art, music, physical education, and technology—to fill their 1.0 full-time equivalency schedule. The district made up for this deficiency by assigning the teachers to lunchroom supervision duties. The teachers' union—the Professional Personnel of Van Dyke—took issue with this solution. The district and the union negotiated but were unable to agree on a resolution.

Initially, union president Val Dutton sent a demand to "bargain the change in working conditions in regard to the assignment of lunch supervision in the enrichment teachers' schedules" to Personnel Director Edie Valentine and Superintendent Piper Bognar. The school district administrators met with union representatives in an attempt to resolve the matter without engaging

-1-

in collective bargaining. Valentine later e-mailed Dutton a proposed modified schedule filling time gaps with building support activities, "including MTSS, tutoring, small group intervention, possibly lunch supervision (if assistance is needed), etc." Dutton protested this schedule change as "too open ended for [the union] to be comfortable with an agreement" and continued to challenge the inclusion of lunch supervision as a possible assignment. Valentine responded that if the enrichment teachers' schedules were not filled, their pay would have to be reduced. Valentine further stated her belief that the disagreement related to "[t]eacher placement and assignments," which are within the sole discretion of a school district under MCL 423.215(4) and prohibited subjects for collective bargaining under MCL 423.215(3)(j) of the PERA.

When compromise failed, the union filed a grievance. The union changed course to avoid the prohibited issues of teacher placement and assignment. Instead the grievance stated:

> **ARTICLE(S) VIOLATED:** ARTICLE II – SALARY SCHEDULE – Extra Duty
>
> 5. Teachers working cafeteria duty will be paid $22.00 for periods less than 40 minutes and $24.00 for periods of 40 minutes or more.
>
> **FACTS:** Elementary enrichment teachers have been assigned cafeteria duty without compensation.
>
> **PROPOSED REMEDY:** PPVD Local 6199 requests that elementary enrichment teachers assigned cafeteria duty are paid the contractual amount.

The district denied the grievance, and the union filed a demand for arbitration with the MERC. The district responded with an unfair labor practice charge against the union, citing MCL 423.210(2)(d), which requires the parties to bargain in good faith. The district opined that the union recharacterized its challenge in bad faith and improperly pursued arbitration on a prohibited subject.

In lieu of a hearing, the parties submitted briefs, stipulated facts, and joint exhibits to an administrative law judge (ALJ). The ALJ noted that the "sole issue" before him was whether the union violated the good faith provision of the PERA "by pursuing and arbitrating a grievance challenging the school district's unilateral decision to assign certain elementary teachers to a lunch supervisory period as part of their normal daily schedule." The ALJ did not consider whether the grievance was actually based on the extra-pay provision of the collective-bargaining agreement. And based on prior MERC cases, the ALJ determined that assigning a teacher to a noncurricular task does not fall within the ambit of MCL 423.215(3)(j). Therefore, the union did not violate MCL 423.210(2)(d)'s requirement that it bargain in good faith by challenging the lunch supervision assignments.

The district filed exceptions to the decision, but MERC directed the dismissal of the unfair labor practice charge. While MERC agreed with the ALJ's result, it did not agree with the ALJ's reasoning. MERC determined that the grievance was based on employee extra-duty pay, a subject not excluded from collective bargaining under any provision of the PERA. The district now appeals.

## II. DISCUSSION

Our review of MERC decisions is limited. As described in *Calhoun Intermediate Sch Dist v Calhoun Intermediate Ed Ass'n*, 314 Mich App 41, 46; 885 NW2d 310 (2016) (quotation marks and citations omitted):

> We review MERC decisions pursuant to Const 1963, art 6, § 28, and MCL 423.216(e). MERC's factual findings are conclusive if they are supported by competent, material, and substantial evidence on the record considered as a whole. MERC's legal determinations may not be disturbed unless they violate a constitutional or statutory provision or they are based on a substantial and material error of law. We review de novo MERC's legal rulings.

MERC's finding that the union's grievance is based on extra-duty pay and not teacher placements and assignments is "supported by competent, material, and substantial" record evidence.

Although parties may not collectively bargain over subjects prohibited by MCL 423.215(3), the district and the union were "free to discuss them." *Calhoun Intermediate Sch Dist*, 314 Mich App at 49 (quotation marks omitted). The union and the district did discuss teacher placements and assignments but were unable to reach a compromise. Knowing teacher placements and assignments were prohibited subjects for collective bargaining, the union turned its focus to a different issue in filing its grievance. The union essentially conceded the district's discretion to assign enrichment teachers to lunchroom supervision duties but contended that such assignments came with "extra duty" pay under the parties' contract. "Wages, hours, and other conditions of employment, including health insurance benefits, are mandatory subjects of bargaining." *Van Buren Co Ed Ass'n & Decatur Ed Support Personnel Ass'n, MEA/NEA v Decatur Pub Schs*, 309 Mich App 630, 641; 872 NW2d 710 (2015) (quotation marks and citation omitted). This was not a prohibited subject and could be grieved by the union.

MERC's finding that the union acted in good faith is also supported. "Collective bargaining as a process requires both parties to confer in good faith—to listen to each other." *Calhoun Intermediate Sch Dist*, 314 Mich App at 48. "In essence the requirements of good faith bargaining are simply that the parties manifest such an attitude and conduct that will be conducive to reaching an agreement." *Id*. (cleaned up). "[T]he courts look to the overall conduct of a party to determine if it has actively engaged in the bargaining process with an open mind and a sincere desire to reach an agreement." *Detroit Police Officers Ass'n v Detroit*, 391 Mich 44 53-54; 214 NW2d 803 (1974).

The grievance does not improperly implicate a prohibited subject and there is no evidence that the union changed its approach in bad faith. The stipulated facts and exhibits demonstrate that the union and the district communicated between October and December 2019, but ultimately failed to reach an agreement. When the district indicated that it was not willing to compromise further on assignment issues, the union focused on the salary that should be given to the impacted teachers through the existing collective-bargaining agreement. The union did not breach its duty to operate in good faith by filing a salary-related grievance.

The union's grievance may ultimately be without merit. But the failure of a party's position does not necessarily mean that it was raised in bad faith. We have no ground to reverse MERC's dismissal of the district's unfair labor practice charge which will allow the union's grievance to go through its natural process.

We affirm.


/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Christopher P. Yates